HOLMES and others, Respondents, vs. SIMMS FOUNDRY COR-
PORATION and others, Appellants.

*October 14—November 11, 1924.*

*Contracts: Breach: Rescission or performance by other party: Ap-
peal: Failure of court to find immaterial facts: Instructions:
Harmless error.*

1. The failure of the court to find as a matter of fact that de-
   fendant employers did not waive any of the plaintiff em-
   ployee's breaches of the contract of employment was imma-
   terial in view of a finding by the jury that there were no
   breaches.   p. 50.
2. When one party breaches a contract the other party may elect
   to rescind and sue on the breach, or he may elect to stand
   on the contract; but in the latter case he must perform ac-
   cording to its terms.   p. 51.
3. In an action by the employee, an error in the charge that the
   breach of defendants in failing to pay money due to plaintiff
   constituted a release of the plaintiff as to further duty under
   the contract was not prejudicial where the jury found as a
   matter of fact that the plaintiff performed all his obligations
   under the contract.   p. 51.

APPEAL from a judgment of the municipal court of Ra-
cine county: E. R. BURGESS, Judge.  *Affirmed.*

For the appellants there was a brief by *Thompson, Myers
& Helm* of Racine, and oral argument by *W. D. Thompson.*

For the respondents there was a brief by *Quarles, Spence
& Quarles,* attorneys, and *Arthur B. Doe,* of counsel, all
of Milwaukee, and oral argument by *Mr. Doe.*

CROWNHART, J.   This was an action begun to recover on
a written contract entered into between the plaintiff *Holmes*
and the defendants *Buck* and *Simms.*  The liability incurred
under the contract was later assumed by the defendant
*Simms Foundry Corporation.*  There was judgment for the
plaintiff *Holmes* against the *Simms Foundry Corporation*
and the defendants *Buck* and *Simms.*  The contract pro-
vided for the employment of the plaintiff *Holmes* by the

defendants upon a salary, and in addition the plaintiff was to have a commission or royalty upon all furnaces sold and paid for during the term of his employment. The salary was paid, and the action is to recover the commissions or royalties. There was a trial by jury. The defendants claimed that the plaintiff *Holmes* did not render diligent, good, and faithful services, as required under his contract, in the supervision of the making of the patterns, in the maintenance of the patterns used in the foundry, as superintendent of the foundry, and in the operation of the molding machine. The plaintiff contended that he fully performed his contract and did render good and faithful services, and that in any event the defendants waive any question in regard thereto. The case was submitted to the jury on a special verdict, and the jury found that the plaintiff rendered good and faithful services in all respects, and hence the question of waiver became immaterial.

The plaintiffs *Quarles, Spence,* and *Quarles* were joined in the action under the theory that the claim of *Holmes* had been assigned to them. The claim of the defendants was that they had not accepted any such assignment. The court so found, and judgment was rendered in favor of *Holmes* and denied as to *Quarles, Spence,* and *Quarles*. Most of the errors assigned by the defendants on this appeal refer to the questions of diligence and good faith of the plaintiff, and are covered by the verdict of the jury. . The verdict of the jury is fully supported by the evidence. But the defendants also assign as error that the court failed to find as a matter of fact that the defendants did not waive any of plaintiff's breaches of the contract. This latter objection is quite immaterial in view of the finding of the jury that there were no breaches of the contract. Defendants also assign as error that the court allowed personal judgment against the defendants *Buck* and *Simms*. There does not seem to be any serious question about the liability of *Buck* and *Simms*.

They were the parties that entered into the contract with the plaintiff. They thereafter, by a contract with the *Simms Foundry Corporation,* assigned their rights under the contract with *Holmes* to the Foundry Company, and the Foundry Company assumed the liabilities. There is no evidence, however, that the plaintiff released *Buck* and *Simms* from their liability under the contract.

There is one further assignment of error, and that is that the court erred in charging the jury that the breach of the defendants in failing to pay money to plaintiff *Holmes,* when due, constituted a release of the plaintiff as to further duty under the contract. This instruction was undoubtedly erroneous. When one party breaches a contract the other party may elect to rescind and sue on the breach or he may elect to stand on the contract. In the latter case he must perform according to the terms of the contract. As has been said, the jury found that *Holmes* did perform according to the terms of the contract. The error was nonprejudicial because the jury found as a matter of fact that the plaintiff performed all his obligations under the contract, and the jury was not required to and did not answer the question submitted as to waiver upon which the instruction complained of was given. Moreover, on this issue the verdict is supported by the great preponderance of the evidence, and a contrary verdict could not be sustained. To review the evidence is needless and we content ourselves with this brief statement.

*By the Court.*—The judgment of the municipal court is affirmed